Our next case is Sean Ravin v. Department of Veterans Affairs, 2019-15-14. Ravin v. Department of Veterans Affairs, 2019-15-15. Ravin v. Department of Veterans Affairs, 2019-15-15. Ravin v. Department of Veterans Affairs, 2019-15-15. Ravin v. Department of Veterans Affairs, 2019-15-15. Ravin v. Department of Veterans Affairs, 2019-15-15. Permissive nature of the statutory language was interpreted by the Veterans Court in Snyder, cited in our brief in support of the fact that it is mandatory and not permissive, and that this is an obligation of the Secretary as intended by Congress. Congress wrote a unique statute in 5904D. As far as I am aware, there is no other comparable statute in which the Congress directs the agency to withhold and pay fees from a grant of an award, and does so upon a specific condition or conditions that the fee must be limited to an amount of 20 percent and that the fee agreement for representation of the veteran must be on a contingent basis. And it has to be, at least according to the regulation, filed within a certain amount of time. That's right, and that is mandated by Congress under 5904C, a separate subsection of the statute, in which Congress specifically delegated to the Secretary the authority to promulgate regulations, and amongst those regulations were the two regulations at issue here. What the Secretary did not do was to provide a consequence. They parroted the language of the statute and said that there must be a filing. So your view is the agency can't provide the consequence? I'm sorry? Your view is that the agency cannot provide the consequence? That's correct, Your Honor. And if they're going to provide a consequence, they need to do so plainly to put the attorney or the agent on notice that there is a consequence. So presupposing for a moment that there is a basis for the Secretary to provide a consequence, they must do so plainly and expressly so that the agent is on notice, and factually what occurred here. So I'm just curious, why does the regulation even say 30 days? I'm sorry, Your Honor? Why does the regulation call out the 30-day time limit? As I understand it, your position is there should be no consequence if that 30-day limitation is not met. So, therefore, we should just, I guess, assume that it has no consequence, no value, no meaning. No, Your Honor. That is not our position. So then why is it there in the regulation? To put the agents and attorneys on notice that that is the expectation of the Secretary, that they get that fee agreement so that they can have that fee agreement available to determine in a withholding context whether or not they do or do not meet the requirements of the statute for withholding and payment purposes. It is entirely appropriate for them to put that in there. The problem here is that what the Veterans Court did is to take it another step and to say that there is a consequence that the VA is no longer responsible. If the Secretary had said, if you do not submit it within 30 days, then we are putting you on notice that we are no longer responsible under 5904. Well, according to the regulation, it's contingent that they will pay directly if certain requirements are met. And the regulation says must be filed, must be filed within 30 days. Correct. And if that didn't happen, then their permissive opportunity for direct payment simply doesn't come into effect. Well, except that, Your Honor, there are several problems with that in the facts of this particular case. In the facts of this particular case, Mr. Raven did provide the fee agreement within 30 days to the Board of Veterans' Appeals. And from 1988 until 2007 approximately, the obligation to provide your fee agreement was to the Board. Well, the Board is not the agency. I'm sorry, Your Honor? The Board is not the agency. No, the Board is not the agency, but that was the mandate of the statute prior to 2007. This happened within a couple of years of that enactment that changed the requirement as to where the fee agreement should be filed. And Mr. Raven is not without a remedy. Will his client not pay him what he owes him for services rendered? Well, Your Honor, respectfully, I don't believe that's the issue in this case. And, yes, there is a potential remedy there, but the obligation under 5904D, if the Veterans' Court is correct, is mandatory, then it is required that the Secretary comply with his mandatory obligation. What mandatory obligation do you see in 5904D? To withhold and pay the fee when the fee agreement meets. It says may. It does say may, Your Honor. The Secretary may direct that payment. To an agent or attorney. So I guess I don't understand why you think may means shall. Because the Veterans' Court said so in Snyder. And that was the law that the panel in this case was required to follow. I thought Snyder said only when all of the statutory and regulatory requirements are actually fulfilled, then the Secretary must actually fulfill its end of the bargain, which is to then directly pay the fee to the attorney. And Snyder was decided at a time in which this regulation- Are you saying that Snyder didn't say what I just said? I am not, Your Honor. Snyder did say that. Okay, so the Veterans' Court in Snyder did not interpret 5904D when 5904D said may. The Veterans' Court didn't say, oh, we should read that statute to say shall, not may. It didn't say that. The Veterans' Court didn't say that, did it? Well, that's my understanding of their holding, Your Honor, with the condition that you meet the statutory and regulatory requirements. Right, and was the regulatory requirement met here? The regulatory requirement was not met here. Okay. However, Your Honor, at the time in which Snyder was written, Snyder was speaking only to the regulation that required compliance with the provisions of 5904. The requirements of this regulation require compliance with 5904C, not 5904D. And therefore, we're dealing with a situation in which the attorney is confronted with having performed services with the expectation that the secretary was going to withhold and pay his fee. What occurred here was the secretary refused to consider whether or not he was obligated to withhold and pay under 5904D. And they made that decision before they had, in fact, received the fee agreement from Mr. Raven on April the 27th. And, in fact, the agency had possession of it in the claims file for Mr. Cook, the veteran, of this fee agreement that had been submitted to the board. What if Mr. Raven hadn't submitted the fee agreement to the correct department, you know, for five years after the fact? Then came in and said, aha, I did it, and the regulation doesn't say that I forfeited the benefit of a direct payment, so now it's time for you to pay me. Would that be okay? No, I don't believe it would be, Your Honor. But those are not the facts of this case, and that's not the holding of What makes the facts here different from the hypothetical I just raised? That the time period, in your circumstance, the fee agreement was not attempted to be submitted until five years thereafter. In this case, the fee agreement was actually submitted to the agency. There's only one agency here. You're talking about when it was submitted to the board? To the board. Okay, so now you need to rely on that. I don't believe I do, Your Honor. But that additional argument that you're making now is an argument that it was timely filed. It did comply with the regulation. Is that your argument? Well, we made that argument below. That is not the argument that we chose to bring here because of the decision made by the Veterans Court that expressly said that the agency was relieved of its obligation under 5904. So then you, on the facts of this case, for purposes of this appeal, you concede that you did not comply with the requirements of the regulation. I do, Your Honor. To submit the fee agreement to the right place within 30 days. I do, Your Honor. Okay, so it's outside the 30 days that it ultimately got filed. That's correct. And so what's the difference between your fact pattern and the fact pattern I raised in my hypothetical? The five years, Your Honor, and that there was ample opportunity for the Secretary Five years, not good, but what, a year is okay? No, within 30 days of the decision that implemented that put both the agency, the veteran, and the attorney on notice that there was going to be an award of past due benefits. Within that 30-day window from April 7th when the What regulation says this 30-day window is the critical? There is no regulation that says that, Your Honor. And the point is that this regulation says 30 days, but doesn't say what the veterans court said was that then the agency would be relieved of its responsibility. And I'm saying that the intent of Congress in 5904 was to compensate the attorney. To ensure that the attorney was paid for his services by the Secretary. By the affirmative act of the Secretary withholding his fee. I see that I'm into my rebuttal time, and I'd like to reserve the balance. We will save it for you, Mr. Carpenter. Mr. Bruskin. May it please the court. Before I address my friend's attempt to rewrite the VA's regulation, I'd like to respond to something he said to you, which was that the Secretary refused to consider whether or not it was required to pay fees to Mr. Ravin. That is factually incorrect, and I think gets at a bigger point I want to draw the court's attention to. At Appendix 67, on April 13th, there's a note from the fee coordinator in the Muskegee Regional Office saying that they checked to see if there was a direct pay fee agreement in the record in Mr. Cook's case, and did not find one because he had not filed one with the regional office. So the idea that they refused to consider payment is factually incorrect. It also gets, I think, at an underlying argument that is in Mr. Ravin's brief, which is that the VA here somehow erred by moving quickly to provide Mr. Cook with his past due benefits. The suggestion is that the regional office used with unusual rapidity and that somehow they had a bad faith motive in doing so. And I think given the number of times a veteran bar accuses the VA of dragging its heels in making sure that veterans get their payment, it rings rather hollow for Mr. Ravin to now accuse the VA of moving quickly, but doing so somehow to deprive him of his benefits. Turning to the regulation itself, the regulation, as the court said, is plain as day. It has a requirement that attorneys who are accredited by the VA to represent veterans know the difference between the board and the agency of original jurisdiction, and that they file their direct pay fee agreements with the agency of original jurisdiction within 30 days of the date of execution of the agreement. What about the Veterans Court opinion that Mr. Carpenter cites? Of course, we recognize we're not bound by it. What is the holding? Judge Chen was correct. The holding in that case was where the secretary has elected under 5904D to promulgate regulations that allow for direct pay, and the attorneys have satisfied all the requirements in the regulation to receive direct pay, then the VA is obligated to follow the regulations and pay direct pay. In that case, the VA had mistakenly paid the veteran or veterans 100 percent of their past due benefits, despite the attorneys having correctly filed a valid agreement with the correct VA office, and the argument there was, well, if the VA has paid out all of the money, nothing remains to be paid to the veteran. The Veterans Court in Snyder said, no, if you've elected to provide through the regulations for direct pay and the attorney or agent satisfies the regulations, then it's a mandatory obligation, but only if and when, not based on turning the may in 5904D into a shall. I have a question, hypothetical. What if Mr. Raven submitted a copy of this fee agreement outside the 30-day regulatory requirement but maybe got it in at day 32 or day 42 or day 92? Is there some kind of regulation that Mr. Raven could then petition the waiver of that regulatory requirement, that 30-day regulatory requirement, and say, please, I know I'm a little late, but just accept this fee agreement, and then please, if and when my client gets awarded benefits, direct pay me my contingency fee amount? So, two responses. One, I don't think there's a direct to the RO sort of waiver request you can make through the regulations. You would have to file a notice of disagreement and go through that process, but my understanding from the VA is that they don't impose this H-4 filing requirement when it serves no purpose, so that if Mr. Raven had provided his fee agreement on day 32 and it was in the record and there was no prejudice to the veteran from Mr. Raven's failure to file it, you know, within the 30 days, they would have paid him his 20 percent fee. The problem here is that when they went to pay the fees to- Well, it's a practice, but it's not in the regulation, and it reflects a certain level of flexibility recognizing that where there's- they're not trying to impose this just for the sake of trying to undercut fees to attorneys, recognizing that it is important for attorneys to be able to represent veterans. It is important, though, that the attorneys provide the office that pays the money with the agreement in sufficient time. 30 days certainly seems sufficient. Otherwise, you have to pay extra, right? I mean, you have fees that you could be providing to veterans who need it, not fees, but payments, that would instead be going for attorney fees for attorneys who haven't properly filed their papers, right? Right. That's exactly right. And in this case, it shows the problem is that they paid Mr. Cook on April 19th, and then eight days later, Mr. Raven shows up, and so what he's requiring either is that the VA double pay those 20 percent and then either pay 120 percent or seek to recover costs from veterans despite the failure to follow the requirement, or he suggests in his reply that the court rewrite the regulation to require VA to hold on to veterans' money for 30 days when they find there's no fee agreement in the record and provide notice to the attorney that they've failed to file their fee agreement with the regional office and allow them to correct that problem. That's obviously not allowed under 5904, which says that the VA can't withhold money like that. It also serves no purpose. The 30-day requirement is not onerous on an attorney to simply submit a copy of their fee agreement with the correct office within VA. The Veterans Court decided this case by a panel of three judges. Are they doing that more often these days? Does this signal that it's an especially important case in terms of the law? I think the argument that there's no penalty written into the regulation the court noted was at least somewhat novel, and so I believe they wanted to give additional consideration to that argument. Of course, the requirement that there be no direct pay need not appear as a penalty in the regulation because the regulation says, obviously, unless and until attorney-agent you do these things, we have to pay the money to the veteran. Well, there's no offense here which, if not complied with, requires a penalty. It's a benefit with conditions required. That's exactly right. That's exactly right. Unless the court has any further questions, we'd ask the court to affirm the Veterans Court. Thank you. Mr. Coffin has three minutes for one. Thank you. I'd like to direct the panel's attention to Appendix 67. This is a memorandum dated April 13th of 2010 by the station attorney fee coordinator involving this case and indicates that after thoroughly reviewing a check made in vehicles for the existence of an attorney fee agreement in the record in this case, the review finds that there was no attorney fee agreement of record. Therefore, no attorney fee decision is required. This clearly reflects their intention not to proceed with a determination to review that attorney fee to determine compliance with 5904D. But more importantly, this was done six days before they paid Mr. Cook on a decision that had been made ten days earlier. The fact of the matter is that this memorandum was not served on Mr. Raven. He was not given an opportunity to respond, yet within 14 days on the 27th of April, he submitted his fee agreement to get the opportunity, not knowing that this memorandum had existed, for this attempted waiver to get consideration of his fee agreement, having been submitted in less than 30 days from the date of the decision that implemented the board's decision. So Mr. Raven made every effort to do this, filing his fee agreement initially with the board, realizing that there was not compliance with the regulation, even though there wasn't notice, and going ahead and giving his fee agreement to the secretary. Now, at this point in time, the secretary had more than ample opportunity to stay payment to Mr. Cook of the fees that should have been withheld under 5904. The argument of the government that this is not something that they do to impede the attorney is simply betrayed by the facts in this case. There was ample opportunity to comply with 5904, as was understood at that time, to be mandatory. Now, obviously, this panel can decide whether the language of 5904 that says may is mandatory or not. But regardless, in this case, this is about what the regulations provide for, and the regulations simply did not put Mr. Raven or any other attorney or agent on notice of the consequence. Can I ask you something? You said this court could re-decide. Just to make sure I understand. I'm sorry? You said this court could re-decide. Yes. Just to make sure I understand, Schneider was not decided by this court, right? No. Re-decide the interpretation. I'm sorry, Your Honor. I didn't mean re-decide the case. But re-interpret or interpret anew in the context of this case. And, of course, it's possible that we could conclude that that Veterans Court Schneider opinion doesn't say anything inconsistent with the idea that 5904 is, in fact, permissive. It's not mandatory. Yes, you could. Okay. Absolutely. I see that my time is up. Thank you very much. Thank you, counsel. The case is submitted.